(101 So. 678)

LOUISVILLE & N. R. CO. v. LIME COLA BOTTLING CO. (6 Div. 229.)

(Supreme Court of Alabama.  Oct. 23, 1924.)

Carriers ⚙189—Lime Cola "syrup" held not properly classified as molasses and syrup within freight tariff but as third class.

Lime Cola "syrup" *held* to take third class rating under southern classification No. 40, item 25, as fountain syrups, fruit syrups, or

syrups not otherwise classified, term "syrup," as used, in G. F. O. 3004, which fixes commodity rate, as addendum to molasses, having narrower meaning, and, in view of section 24, was not intended to include syrups used merely as basis for a beverage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Syrup.]

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by the Lime Cola Bottling Company against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Reversed and remanded.

The suit is to recover money from the appellant railroad company under the claim of an overcharge on various shipments in barrels, less than carloads, of Lime Cola syrup, made from Montgomery to Athens, from Montgomery to Greenville, and from Montgomery to Anniston, during the years 1920, 1921, and 1922, and set out specifically in three separate counts of the complaint. The claim of appellee is that Lime Cola syrup should take the commodity rating as "molasses and syrup," and the claim of appellant is that Lime Cola syrup should take the third-class rating, as "fruit juices, fountain syrups, or syrups not otherwise indexed by name." The case was submitted to the jury, and resulted in a verdict and judgment against defendant for $429.18, to reverse which this appeal is prosecuted.

Tillman, Bradley & Baldwin and T. A. McFarland, all of Birmingham, for appellant.

Lima-Cola syrup does not come under the commodity rate of molasses and syrup, but takes the third-class rating as applied by appellant. Coca-Cola Co. v. A., T. & S. F., 45 Interst. Com. Com'n R. 461; Delaware Punch Co. v. G., H. & S. A., 49 Interst. Com. Com'n R. 131; Southern Classification, No. 40.

Harwell G. Davis, Atty. Gen., and Hugh White and J. H. Alldredge, both of Montgomery, for Alabama Public Service Commission, amici curiæ.

As to the proper construction of tariffs counsel cite Boldt v. P., C., C. & St. L., 42 Interst. Com. Com'n R. 308; Kentucky Co. v. St. L. & S. R., 51 Interst. Com. Com'n R. 203; Los Angeles Co. v. P. E. Ry., 69 Interst. Com. Com'n R. 254; Sou. Veneer Ass'n v. A. C. L., 62 Interst. Com. Com'n R. 669; Swift & Co. v. Dir. Gen., 77 Interst. Com. Com'n R. 678; Handling Charges at Certain Ports, 78 Interst. Com. Com'n R. 4.

London, Yancey & Brower and Clara Cain, all of Birmingham, for appellee.

The commodity in question comes within the word "syrup," as used in the tariff. Webster's Dictionary; California Fig Syrup Co. v. Frederick Stearns & Co., 73 Fed. 812, 20 C. C. A. 22, 33 L. R. A. 56.

SOMERVILLE, J. It is conceded that plaintiff is entitled to recover the sums claimed as overcharges if its contention is correct that Lime Cola syrup must be properly classified as a syrup within the meaning of defendant's freight tariff, G. F. O. 3004, which fixes the lower rate claimed—a commodity rate—on "molasses and syrups"; and it is also conceded on the other hand that plaintiff is not entitled to recover if Lime Cola syrup is properly classified as third class under item 25 of southern classification No. 40, as follows:

"Fruit juices, fountain syrup, or syrups not otherwise indexed by name, not medicated, in carboys, in glass or earthenware, packed in barrels or boxes, in metal cans, in crates, in bulk in barrels, less than carload, third class."

Item 23 of southern classification No. 40 covers syrups, and item 24 specifies:

"Under the general head of syrups, cane, corn, glucose, maple, malt, rock candy, sorghum or sugar syrups, molasses, rates."

The shipper's contention is that syrup is a general term, and embraces all kinds of syrup, whatever their special nature or uses, and cites definitions given by lexicographers in support of that view. The Standard dictionary, for example, defines "syrup" as follows:

"A saturated solution of sugar in water, often combined with some medicinal substance or flavored, as with the juice of fruits, for use in confections, cookery, or the preparation of beverages."

But we are satisfied that the term "syrup," as used in the commodity provision of this tariff, as an addendum to "molasses," was intended to have, and must be given, a narrower meaning than that; and this is made clear, we think, by the enumeration in section 24 of the classification of the specific syrups which are to bear the molasses rate —specifications which include only food syrups, in competition as such with molasses, and which do not include Lime Cola syrup, nor any other similar syrup, used merely as the basis for a beverage.

In drug stores many syrups are to be found, medicated or specially flavored and treated, which answer to the general dictionary definition of "syrups." Yet no one would seriously contend that such syrups would fall under the classification of "molasses and syrups" in a freight tariff such as this.

Excluding Lime Cola syrup, as we must, from the classification of "molasses and syrups," we think it must fall under the third class rating given to "fountain syrups, fruit syrups, or syrups not otherwise indexed

by name." See, as bearing on this question, the cases of Coca-Cola Co. v. Ry. Co., 45 Interst. Com. Com'n R. 461, and Delaware Punch Co. v. Ry. Co., 49 Interst. Com. Com'n R. 131.

Our conclusion is that, under the evidence, the classification and charges complained of were proper and lawful, and hence that the plaintiff is not entitled to recover as for excessive charges.

The judgment will therefore be reversed and the cause remanded for refusal to give for defendant the general affirmative charge as requested by it in writing.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.